UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LUISA VARGAS DE LA SANCHA, (A-Number: 244-166-921)<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:26-cv-03218-KES-EGC (HC)<br><br>ORDER DENYING MOTION FOR COUNSEL [ECF No. 3]<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION AND ORDER BOND HEARING<br><br>[10-DAY DEADLINE] |

Petitioner Maria Luisa Vargas De La Sancha is an immigration detainee proceeding with a petition for writ of habeas corpus. (ECF No. 1.) She is a native and citizen of Mexico who entered the United States and applied for admission on September 1, 2023, via the CBP One App. (ECF No. 8-1 at 2.) The Department of Homeland Security ("DHS") issued and served a Notice of Appear charging her with inadmissibility. (ECF No. 8-1 at 2.) On the same date, she was released into the United States. (ECF No. 8-1 at 2.)

On January 28, 2026, Petitioner was arrested and charged in the Las Vegas Justice Court with domestic battery, a misdemeanor in violation of NRS.200.485.1A. (ECF No. 8-1 at 3.) Respondents contends that the charges prompted DHS to arrest Petitioner. (ECF No. 8 at 1.) On January 30, 2026, DHS detained Petitioner. (ECF Nos. 8-1 at 2.) The Nevada charges remain

1

pending.

On April 27, 2026, Petitioner filed the instant petition along with a motion for counsel. (ECF Nos. 1, 3.) Although the petition focuses primarily on allegations of prolonged detention, Petitioner also raises a due process allegation concerning her re-detention. (ECF No. 1 at 5-6.)  As to the due process violation, on April 29, 2026, the Court issued an order directing Respondents to show cause whether there were any factual or legal issues in this case that render it distinguishable from the Court's prior orders in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025). (ECF No. 7.)

On May 2, 2026, Respondents filed a response to the order to show cause. (ECF No. 8.) Respondents acknowledge that there are "cases to the contrary in this District." (ECF No. 8 at 2.) Nevertheless, Respondents continue to maintain their position, which this Court has repeatedly rejected in the cases noted above, that Petitioner is considered an "applicant for admission" and therefore subject to mandatory detention under 8 U.S.C. §1225(b)(2). (ECF No. 8 at 2-3.) In line with the Court's previous cases, the Court finds that Petitioner is subject to Section 1226(a), that her previous release on supervision created a strong liberty interest in remaining free of detention, and that Respondents' deprivation of Petitioner's liberty interest without notice and opportunity to challenge the reasons for detention violated her due process rights.

Respondents contend that Petitioner's arrest and subsequent charge for domestic battery justify revocation of release because she violated the conditions of her release. (ECF No. 8 at 3.) Respondents have submitted Petitioner's criminal rap sheet reflecting Petitioner's arrest and charge for domestic battery. (ECF No. 8-2 at 1-6.) Yet, the records reflect only an arrest and pending charges. "The contention that an arrest, without more, constitutes evidence of criminal activity is without merit." *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026) (quoting *Duncan v. California*, No. S-04-523 LKK/PAN,

2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006)). There is also no indication that Petitioner was provided with any notice, reason for her re-detention, or opportunity to respond. Nevertheless, Respondents' "reliance on th[e] violation[] is 'not obviously pretextual.'" *M.R.R. v. Chestnut*, 2025 WL 3265446, at *12 (quoting *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025)). In such a case, as other courts have done, the Court concludes that prompt, post-deprivation process is required here, and that Petitioner should be provided a bond hearing before an immigration judge. *Id.*; *Carballo v. Andrews*, No. 1:25-CV-00978-KES-EPG (HC), 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025). In line with previous cases, the Court finds that the Government should bear the burden of proof at any such hearing to demonstrate to a neutral decisionmaker by clear and convincing evidence that re-detention is necessary to prevent danger to the community or flight. *M.R.R.*, 2025 WL 3265446, at *14; *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032–33 (N.D. Cal. 2025).

Petitioner has also requested appointment of counsel. Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." *See* Rule 8(c), Rules Governing Section 2254 Cases. In the instant case, the Court does not find that the interests of justice require the appointment of counsel at the present time.

ORDER

Petitioner's motion for counsel, (ECF No. 3), is DENIED.

RECOMMENDATION

For the foregoing reasons, the Court hereby RECOMMENDS that Respondents be ordered to provide Petitioner with a substantive bond hearing at which the Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if she is released. In addition, the Court recommends that at any such hearing, the Government should bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

3

ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **May 12, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

4