UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARIA LUISA VARGAS DE LA SANCHA (A-Number: 244-166-921),

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

No.  1:26-cv-03218-KES-EGC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND REQUIRING BOND HEARING WITHIN FOURTEEN DAYS

Doc. 1, 10

Petitioner Maria Luisa Vargas De La Sancha is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 12, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition and ordering that respondents provide petitioner with a bond hearing at which it is respondents' burden to demonstrate that petitioner is a flight risk or danger by clear and convincing evidence.  Doc. 10.  The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within ten days after service.

On May 17, 2026, respondents filed objections.  Doc. 11.  Citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), respondents argue that if the Court finds that 8 U.S.C. § 1226(a) is the proper detention authority, then petitioner should be required to bear the burden of demonstrating that he is not a flight risk or danger.  *See id.*  In *Rodriguez Diaz*, the court

1

upheld § 1226(a)'s procedures as applied at an initial custody determination.  But as another court explained in a similar case involving a noncitizen who was released from detention pursuant to § 1226(a) and subsequently re-detained without bond, *Rodriguez Diaz* "is inapposite" here. *Andudia-Carillo v. Albarran*, No. 25-CV-10380-VC, 2025 WL 4479434, at *1 (N.D. Cal. Dec. 17, 2025).  "Unlike the petitioner in *Rodriguez Diaz,* [the petitioner in this case] was initially released" following a finding that she was not a flight risk or danger "and has remained released for years."  *Id.*  "*Rodriguez Diaz* therefore does not limit the Due Process rights of those petitioners whom the government had already voluntarily released."  *Id.*; *see Rodriguez Diaz*, 53 F.4th at 1213 ("[W]e do not foreclose all as-applied challenges to § 1226(a)'s procedures" because "[d]ue process is a flexible concept that varies with the particular situation.").

When a noncitizen has previously been released following a determination that he is not a flight risk or danger to the community, and then is subsequently re-detained, due process requires a bond hearing at which the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence.  *See, e.g.*, *Chateauneuf v. Chestnut*, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026) ("Where a noncitizen had previously been released from ICE detention, indicating ICE determined the noncitizen was neither a flight risk nor a safety risk to community, this court has found that the government bears the burden of justifying the noncitizen's re-detention without bond . . . ."); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025) (same); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1093 (N.D. Cal. 2025) (same).  Courts have required that the burden be on the government because the noncitizen's "initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *15 (E.D. Cal. Oct. 9, 2025).  "Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention."  *Id.*  The Court will therefore order respondents to provide petitioner with a bond hearing where the government bears the burden of proving that petitioner is a flight risk or danger by clear and convincing evidence.

///

2

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondents' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court ORDERS:

1. The findings and recommendations, Doc. 10, are ADOPTED in full.

2. The petition for writ of habeas corpus, Doc. 1, is GRANTED.

3. Respondents are ORDERED to provide petitioner Maria Luisa Vargas De La Sancha (A-Number: 244-166-921) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide her with 48 hours' written notice before the bond hearing. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. If respondents do not provide petitioner with a bond hearing within fourteen days, then respondents must release her.

4. Respondents are ORDERED to provide petitioner with a copy of this Order upon her release.

5. The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

6. The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:   May 18, 2026   

_____
UNITED STATES DISTRICT JUDGE

3

4